IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Action No. 24-00004-KD |
| ) | |
| MAURICE ROBERTO COLE, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND FORFEITURE MONEY JUDGMENT**

This action is before the Court on the United States' Motion for Forfeiture Money Judgment (doc. 21).  Upon consideration, and for the reasons set forth herein, the motion is GRANTED and a Forfeiture Money Judgment in the amount of $65,654.00 is entered against Defendant Maurice Roberto Cole.

Cole pled guilty to Count One charging the offense of theft of government money (the Social Security Benefits of his deceased mother) in violation of 18 U.S.C. § 641 (doc. 1).  The Indictment contained a notice of forfeiture putting Cole on notice that, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the United States would seek forfeiture of any property constituting or derived from proceeds obtained directly or indirectly as a result of such offense and any property used or intended to be used in any manner or part to commit or to facilitate the commission of the offense including, but not limited to, a sum of money of at least $65,654.00.[1]

Cole pled guilty to Count One (docs. 15, 17). In the written plea agreement, he agreed that the United States could prove that his offense involved a sum of money equal to at least

---

[1] Fed. R. Crim. P. 32.2(a) (". . . The … information . . . need not identify the property subject to forfeiture or specify the amount of any forfeiture money judgment that the government seeks.").

$65,654.00 (doc. 17).[2] He agreed "to forfeit to the United States any right, title, and interest in all assets subject to forfeiture under the notice of forfeiture contained in the charging document, including property specified in any bill of particulars and property previously seized by the government for administrative, civil, or criminal forfeiture." (Id.)  He also consented "to the filing of a motion for a preliminary order forfeiting such property and any dollar amount specified in the notice of forfeiture or bill of particulars" and confessed "the requisite nexus between the property and the charge of the conviction." (Id.). In the factual resume, Cole admitted that he continued to receive his mother's Social Security Benefits after her death and converted those Benefits to his own use (Id.). The Court accepted Cole's plea and he was found guilty on April 5, 2024 (doc. 23). He is scheduled for sentencing on July 26, 2024. (Id.).

The United States asserts that it could not locate specific property constituting or deriving from the proceeds Cole received from the offense in violation of 18 U.S.C. § 641, and that he no longer has the actual dollars (doc. 21).  Therefore, the United States seeks a forfeiture money judgment pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2(b)(2), against Cole in the amount of $65,654.00 representing proceeds received as the result of the offense charged in Count One of the Indictment (Id.).

The Federal Rules of Criminal Procedure state that "[a]s soon as practical after . . . a plea of guilty … is accepted… the court must determine what property is subject to forfeiture under the applicable statute" and that "[i]f the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A). "The court's determination may be based on evidence already in the record,

---

[2] In the plea agreement, Cole agreed that he received Social Security Benefits totaling approximately $69,654.00 (doc. 17). However, the United States moves for forfeiture of $65,654.00 (doc. 21).

2

including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B).

"If the district court cannot calculate the total amount of the money judgment before sentencing, Rule 32.2(b)(2)(C) provides that the district court may enter a general forfeiture order against the defendant that, inter alia, 'states that the order will be amended under Rule 32.2(e)(1) when ... the amount of the money judgment has been calculated.'" United States v. Mincey, 800 Fed. Appx. 714, 726 (11th Cir. 2020).[3]

Here, however, the Court can calculate the total amount of the money judgment before sentencing. Cole pled guilty to Count One of the Indictment charging theft of government money. In the factual resume, Cole admitted that he converted to his own use at least $65,654.00 in Social Security Benefits after his mother's death.

Accordingly, upon consideration of the Indictment, Cole's written plea agreement and factual resume, plea of guilty to the offense, and the United States' motion, it is **ORDERED, ADJUDGED, AND DECREED,** as follows:

1) The United States is entitled to, pending possible appeal herein, the property subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Rule 32.2(b)(2), which includes but is not limited to a money judgment in the amount of $65,654.00, more or less, as a result of Cole's violation of 18 U.S.C. § 641;

2) A Forfeiture Money Judgment in the amount of $65,654.00 in United States currency is entered against Defendant Cole and in favor of the United States of America, which sum represents proceeds traceable to the offense of conviction; Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Forfeiture Money Judgment shall become final as to Cole at the time of sentencing and shall be made part of the sentence and included in the Judgment; and

---

[3] Citing Fed. R. Crim. P. 32.2(b)(2)(C)(iii); see id., advisory committee's note to 2009 amendment (explaining that Rule 32.2(b)(2)(C) authorizes a court "to issue a forfeiture order describing the property in 'general' terms, which order may be amended pursuant to Rule 32.2(e)(1) when additional specific property is identified").

3

3) In accordance with 21 U.S.C. § 853(m) and Fed. R. Crim. P. 32.2(e) the United States is authorized to undertake whatever discovery may be necessary to identify, locate, or dispose of substitute assets to satisfy the money judgment. The United States may, at any time, move pursuant to Fed. R. Crim. P. 32.2(e) to amend this Order to include substitute property having a value not to exceed $65,654.00 to satisfy the money judgment, in whole or in part.

The Court shall retain jurisdiction to enter any further order necessary for the forfeiture and disposition of such property, and to order any substitute assets forfeited to the United States up to the amount of the Forfeiture Money Judgment, pursuant to Fed. R. Crim. P. 32.2(e).

Pursuant to Fed. R. Crim. P. 32.2(c)(1), "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

DONE and ORDERED this 17th day of April 2024.

> s/ Kristi K. DuBose
> KRISTI K. DuBOSE
> UNITED STATES DISTRICT JUDGE